**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4425**

───────────

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

DERRICK LAMONT GRAY,

         Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard M. Gergel, District Judge. (2:11-cr-00731-RMG-1)

───────────

Submitted: December 16, 2013       Decided: January 7, 2014

───────────

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

T. Kirk Truslow, T. KIRK TRUSLOW, P.A., North Myrtle Beach, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Gray pled guilty, pursuant to a written plea agreement, to possessing a firearm and ammunition after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2012) ("Count Nine"); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) ("Count Ten"); and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012) ("Count Eleven"). The district court initially sentenced Gray to an aggregate term of 131 months' imprisonment, consisting of seventy-one months on Counts Nine and Ten, concurrent, and a sixty-month consecutive term on Count Eleven.

In Gray's first appeal, which was taken pursuant to Anders v. California, 386 U.S. 738 (1967), we identified a potentially meritorious issue related to the calculation of Gray's criminal history score, and we directed the parties to file supplemental briefs on that issue. The Government moved to vacate Gray's sentence and to remand his case to the district court to correct the error. Counsel for Gray agreed to the remand, and a remand was ordered.

On remand, the district court acknowledged the error, which resulted in a reduction in Gray's criminal history

2

category. Gray's revised Guidelines range for Counts Nine and Ten was forty-six to fifty-seven months' imprisonment. The sixty-month consecutive term for Count Eleven was unaffected by the error. After hearing from the parties, the district court imposed an aggregate 117-month sentence.

On appeal, counsel has filed a brief pursuant to Anders, certifying that there are no nonfrivolous grounds for appeal, but asking us to review Gray's convictions and the reasonableness of the sentence. Gray filed a pro se supplemental brief in which he contends that he is entitled to relief pursuant to the Guidelines amendments enacted subsequent to the passage of the Fair Sentencing Act of 2010 ("FSA"), and argues that there was insufficient evidence to support a conviction on Count Eleven. The Government has declined to file a response brief. For the reasons that follow, we affirm.

Because Gray did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Gray must establish that an error occurred, that this error was plain, and that it affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009). Our review of the record establishes that the district court fully complied with the mandates of Rule 11, ensuring that Gray's plea

3

was knowing and voluntary, and supported by an independent basis in fact. We therefore affirm Gray's convictions.[1]

We review Gray's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–51; see United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010).

If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the defendant's properly calculated Guidelines range, we apply a presumption of substantive reasonableness. United States v. Bynum, 604 F.3d 161, 168-69

---

[1] We reject as contrary to his sworn testimony at the Rule 11 hearing Gray's claim that there was insufficient evidence to support a conviction on Count Eleven.

4

(4th Cir. 2010); see Rita v. United States, 551 U.S. 338, 347 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. We discern no error in the district court's computation of Gray's Guidelines range,[2] the opportunities the court provided to Gray, his counsel, and his mother to present mitigation testimony, or the court's explanation of the sentence imposed by reference to the relevant § 3553(a) factors. In addition to noting its overall consideration of the sentencing factors, the district court opined that the aggregate 117-month sentence was appropriate given the seriousness of Gray's offense conduct. This conduct included multiple instances in which Gray possessed firearms in conjunction with his admitted drug dealing, and the need to impose a just punishment that would protect the public from any such future criminal conduct by Gray. Finally, we discern no basis in the record to overcome the presumption of substantive reasonableness accorded the within-Guidelines sentence the district court imposed.

---

[2] Gray's claim that he should be resentenced pursuant to the Guidelines amendments enacted in the wake of the passage of the FSA is without merit. The post-FSA Guidelines were in effect at Gray's initial sentencing in March 2012 and at his resentencing in March 2013.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. We deny as moot Gray's pro se motion for the appointment of new counsel. This Court requires that counsel inform Gray, in writing, of the right to petition the Supreme Court of the United States for further review. If Gray requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gray. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>